UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES SERIES 2005-CB3, | ) ) ) ) ) ) Case No. 12-cv-4461 |
| Plaintiff, | ) ) Judge John W. Darrah |
| v. | ) ) |
| GEORGE DOSS and JACQUELINE DOSS, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff U.S. Bank National Association, as Trustee, for the C-BASS Mortgage Asset-Backs Certificates Series 2005-CB3 filed a Complaint to Foreclose Mortgage on June 7, 2012. Plaintiff's Motion for Default Judgment and Motion to Appoint a Special Commissioner were granted on October 10, 2012. An order of default, an order appointing special commissioner, and a judgment of foreclosure were entered. Defendants filed a Motion to Vacate Sale [42] on February 1, 2016. Defendants' Motion to Vacate Sale [42] is denied.

### BACKGROUND

Plaintiff filed a Complaint to Foreclose Mortgage on June 7, 2012, for the property located at 4850 W. Summerhill Drive, Country Club Hills, IL, 60478. Summonses were returned executed on July 24, 2012, and Defendants' answers were due on August 14, 2012. No answers were filed, and Defendants never appeared. Plaintiff filed a Motion for Default Judgment and a Motion to Appoint a Special Commissioner, which were granted on

October 3, 2012. An order of default, an order appointing special commissioner, and a judgment of foreclosure were entered.

On October 22, 2014, Plaintiff filed a Motion to Amend/Correct the Complaint, alleging that a title review had revealed that the recorded mortgage did not contain the legal description of the property. Plaintiff asked leave to file a First Amended Complaint to add a reformation count and correct the Mortgage. That motion was granted, and Plaintiff filed its First Amended Complaint on November 6, 2014. On December 1, 2014, Plaintiff filed a Motion for Default Judgment as to Count II, the reformation count, of the Amended Complaint. On December 10, 2014, the Motion for Default Judgment was granted and an order of default as to Count II and an order for Judgment as to Count II were granted.

The judicial sale occurred on August 19, 2015. On December 17, 2015, an attorney appearance was entered on behalf of Defendants. Defendants filed the Motion to Vacate Sale on February 1, 2016.

## LEGAL STANDARD

"A request to set aside a default judgment is controlled by Rule 60(b)." *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 44-45 (7th Cir. 1994). Under Rule 60(b), if it has been more than a year since a judgment was entered, a court may relieve a party from final judgment if: "(4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b), (c). Rule 60(b) relief is "an extraordinary remedy and is granted

only in exceptional circumstances." *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000).

## ANALYSIS

Defendants first argue that Plaintiff did not receive a default judgment on Count I of the Amended Complaint and that the judicial sale is void because of this. While Defendants do not expressly argue this, it appears that their theory is that the filing of the Amended Complaint erased the default judgment entered on the foreclosure count of the original Complaint. Defendants provided no legal authority for this argument[1], but it will be addressed.

"When a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). However, a valid default judgment was entered on the foreclosure claim on October 3, 2012. Defendants present no authority that a valid default judgment is erased by an amended complaint that makes technical changes. Since more than one year has passed since the entry of the default judgment, it may only be overturned for voidness or any other reason that justifies relief. Defendants do not argue that the judgment was void or that there is any reason justifying relief. Defendants were successfully served on July 24, 2012, but failed to appear or otherwise contest the action against them until December 17, 2015.

In their reply brief, Defendants argue that the legal description and permanent index numbers are incorrect in both complaints and fail to provide, with reasonable certainty, the real estate subject to the mortgage. As an initial matter, arguments raised for the first time in a reply

---

[1] "This court has no duty to research and construct legal arguments available to a party." *Head Start Family Educ. Program, Inc. v. Coop. Educ. Serv. Agency 11*, 46 F.3d 629, 635 (7th Cir. 1995).

3

brief are waived. *See Mendez v. Perla Dental*, 646 F.3d 420, 423-24 (7th Cir. 2011) (". . . it is well-established that arguments raised for the first time in the reply brief are waived."). Defendants do not claim that they were unaware their residence was being foreclosed upon. Defendants also provide no justification for their failure to appear in the case or make any challenge until three years after the default judgment of foreclosure was entered. Defendants have not met the "heavy burden on the party seeking to undo an existing judgment." *Disch v. Rasmussen*, 417 F.3d 769, 778-79 (7th Cir. 2005).

Defendants also argue that Plaintiff did not follow the requirements of Illinois Supreme Court Rule 114 because Plaintiff failed to file an affidavit showing the types of loss mitigations programs that apply to the mortgage, what steps were taken to offer the loss mitigation programs to the mortgagor, and the status of any loss mitigation efforts. However, this is only required "where a mortgagor has appeared or filed an answer or other responsive pleading." Ill. S. Ct. R. 114(a). As Defendants did not appear until December 17, 2015, no affidavit was necessary. Defendants again raise new arguments in their reply brief by arguing that Plaintiff must prove the Illinois Mortgage Foreclosure Law applies. Even if the new argument was not waived, it would negate Defendants' original argument. If the Illinois Mortgage Foreclosure Law did not apply, then no affidavit would be necessary under the Rule.

**CONCLUSION**

Defendants have not shown that the exceptional circumstances justifying the extraordinary remedy of Rule 60(b) relief are present. Their arguments that Plaintiff did not comply with Illinois Supreme Court Rules are similarly unavailing. Defendants' Motion to Vacate Sale [42] is denied.

Date: _____May 10, 2016_____  _____
                                                                          JOHN W. DARRAH
                                                                        United States District Court Judge